IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **VARICHEM INTERNATIONAL, INC.**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**RIDDLE'S DELHI & CHEMICAL SERVICE CO., INC., d/b/a E&P SERVICES GROUP, PIG SWEEP, LLC, and JAMES A. ALLRED, JR.**<br><br>***Defendants.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:24-cv-01784** |

---

**DEFENDANTS RIDDLE'S DELHI & CHEMICAL SERVICE CO., INC., d/b/a E&P SERVICES GROUP, PIG SWEEP LLC, and JAMES A. ALLRED, JR.'s MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

COME NOW Defendants Riddle's Delhi & Chemical Service Co., Inc., d/b/a E&P Services Group ("E&P"); Pig Sweep, LLC ("Pig Sweep"); and James A. Allred, Jr. ("Allred") (collectively "Defendants") and present this their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and in support state:

## INTRODUCTION AND PROCEDURAL HISTORY

1. On May 13, 2024, Plaintiff Varichem International, Inc. ("Varichem" or "Plaintiff") filed its Original Complaint ("Complaint").[1] That alleged seven causes of action: (1) violation of the Federal Defend Trade Secrets Act 18 U.S.C. § 1836, *et. seq*. ("DTSA") against all Defendants; (2) violation of the Texas Uniform Trade Secrets Act Tex. Civ. Prac. & Rem. Code Ann. § 134A, *et seq*., ("TUTSA") against all Defendants; (3) Common Law

[1] Document 1 (Dkt. 1)

Misappropriation against all Defendants; (4) Breach of Contract against all Defendants; (5) Conversion against all Defendants; (6) Declaratory Judgment for Patent Invalidity; and (7) Declaratory Judgment for the Inequitable Conduct and Fraud on the Patent & Trademark Office ("USPTO").

2. On June 28, 2024, counsel for the Defendants emailed an advance copy of Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to Plaintiff's counsel addressing the deficiencies in the Complaint. Plaintiff's counsel responded simply that "Plaintiff OPPOSES."

3. On July 8, 2024, Defendants filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2]

4. On July 26, 2024, Plaintiff contemporaneously filed its Response to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Response")[3] and its First Amended Complaint ("Amended Complaint")[4] thus mooting the Defendants' then pending Motion to Dismiss.

5. The First Amended Complaint is virtually the same as the Original Complaint. Notably, the First Amended Complaint alleges six causes of action, dropping the Plaintiff's Conversion cause of action: (1) violation of the Federal Defend Trade Secrets Act 18 U.S.C. § 1836, *et. seq*. ("DTSA") against all Defendants; (2) violation of the Texas Uniform Trade Secrets Act Tex. Civ. Prac. & Rem. Code Ann. § 134A, *et seq*., ("TUTSA") against all Defendants; (3) Common Law Misappropriation against all Defendants; (4) Breach of Contract against all Defendants; (5) Declaratory Judgment for Patent Invalidity; and (6) Declaratory Judgment for the Inequitable Conduct and Fraud on the Patent & Trademark Office ("USPTO"). However,

[2] Document 4 (Dkt. 4)
[3] Document 7 (Dkt. 7)
[4] Document 6 (Dkt. 6)

Plaintiff failed to address the glaring factual deficiencies of the Original Complaint, continuing to make vague factual assertions and cursory legal conclusions hoping to stumble into a cause of action. Because the Plaintiff has had two shots at pleading its case, and has again failed, the First Amended Complaint should be dismissed with prejudice.

## BRIEF FACTUAL BACKGROUND

6. In 2019, Plaintiff and E&P entered into a non-disclosure and non-circumvent agreement with respect to the purchase of Nissan Chemical America Corporation ("Nissan") nano-particle chemical, trade name nanoActiv HRT, to be provided by Plaintiff for E&P's process for industrial pipe cleaning, more specifically in the oil industry. That agreement was amended in 2021.

7. While the chemical itself is produced by Nissan, the process for E&P's particular use of the chemical was not patented. Using publicly available information from Nissan's published patent applications relating to the chemical, along with information of the chemical's use developed by E&P, E&P submitted patent applications to the USPTO for its novel processes. These patent applications were approved, and the services covered by the issued patents are now marketed under the trademark "Pig Sweep." E&P has not asserted its patents or threatened Plaintiff with patent infringement to give a reasonable apprehension of a lawsuit or create a substantial controversy of sufficient immediacy and reality with respect to E&P's patents to warrant the issuance of a Declaratory Judgment of invalidity and unenforceability of E&P's patents.

8. Relationship and trust have soured between the Plaintiff and E&P such that Plaintiff is now reaching for a reason to drag E&P and its associated principals and subsidiaries into court. The allegations in the Amended Complaint are replete with conclusory factual

assertions, unsupported legal conclusions, and misapplications of applicable law such that an order dismissing the Complaint pursuant to Rule 12(b)(6) is required.

**LEGAL STANDARD**

9. The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The Court should take any well-pleaded allegations as true and "determine whether they plausibly give rise to an entitlement of relief." *Id.*

10. Rule 12(b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) and Rule 8(a) are read side-by-side. Rule 8(a) mandates "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

11. To survive a Rule 12(b)(6) challenge, the Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). Further, the Complaint is deficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The Complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017).

12. This Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555. That is, there must be "a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

13. Here, the Plaintiff's Complaint does not provide the facts sufficient to maintain its causes of action pursuant to United States Supreme Court and Fifth Circuit authority.

## ARGUMENT AND AUTHORITIES

### I. Plaintiff's DTSA claim should be dismissed because Plaintiff fails to provide facts sufficient to support the existence of a trade secret as defined by the DTSA and whether that trade secret was misappropriated and used in interstate commerce.

14. Pursuant to 18 U.S.C. § 1836(b)(1), "[a]n owner of a ***trade secret*** that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service ***used*** in, or intended for use in, interstate or foreign commerce." (emphasis added). The Plaintiff failed to properly allege a trade secret or that the trade secret was misappropriated which necessitates dismissal of the claim.

#### *A. Insufficient facts to allege the trade secret element.*

15. To survive a Rule 12(b)(6) motion to dismiss, the Plaintiff must allege facts that show that a trade secret existed. *Bureau Veritas Commodities & Trade, Inc.*, 2022 WL 912781 (S.D. Tex. 2022) at *6 (citing *GE Betz. Inc. v. Moffitt-Johnston*, 885 F.3d 318, 326 (5th Cir. 2018)). A "trade secret" to include all "business, scientific, technical, economic, or engineering information that (1) the ***owner*** has taken reasonable measures to keep secret and (2) derives independent economic value from not being generally known or ***readily ascertainable through proper means***." *Id.* 18 U.S.C. § 1839(3) (emphasis added).

16. In its Amended Complaint, the Plaintiff again provides nothing but vague descriptors of certain “trade secrets” without identifying anything specific save for two Power Point presentations it attached as exhibits. However, examination of the presentations clearly shows they are produced and published by Nissan and not the Plaintiff. The presentations repeatedly bear Nissan’s name and even identify the Plaintiff as only an authorized dealer of Nissan products. This belies Plaintiff’s assertion that it is the owner of the “trade secret” and that the information contained in the presentations is not known to the general public or readily ascertainable through proper means.

***B. Insufficient facts to allege the misappropriation or improper means element.***

17. Plaintiff also contradicts itself with respect to the presentations, such that there is no way the Defendants could have misappropriated the presentations. First, the Plaintiff alleges it provided the presentations to the Defendants at the latest January 24, 2017. Amended Complaint at 18. Then, Plaintiff alleges the first non-disclosure agreement was entered into on March 27, 2019. That agreement as attached as Exhibit C to the Amended Complaint specifically exempts documents and information already in the possession of E&P. Amended Complaint at Exhibit C at 1(b). Therefore, absent a prior agreement, the possession and alleged use of the presentations was proper. The presentations and information contained therein were obtained through proper means and not misappropriated, which is an essential element under the DTSA. *See* 18 U.S.C. §§ 1832(a) & 1839(5)-(6).

***C. Insufficient facts to allege the use element.***

18. To survive a Rule 12(b)(6) motion to dismiss, the Plaintiff must allege facts that show that a trade secret was improperly used in interstate commerce. *CAE Integrated, LLC v. Moov Technologies, Inc.*, 44 F.4th 257, 262 (5th Cir. 2022).

19. The Plaintiff alleges only in passing that the "trade secrets" were used but does not explain with any reasonable particularity or provide any basis for belief that the "trade secrets" are being used by the Defendants. Even if the Plaintiff's vague description of its "trade secrets" passes muster, which it does not, the Plaintiff does not provide factual support for its assertion that the Defendants are using or misappropriating the "trade secrets." For instance, the Plaintiff claims in Paragraph 41 of the Amended Complaint that the Defendants were allowed to be exposed to and have access to the "trade secrets" (again, whatever those could be), but then in the next two paragraphs simply states that it believes that the Defendants will improperly use those "trade secrets" in furtherance of their business without any factual explanation for this belief. The agreement referenced in Paragraph 41 specifically contemplates copying and retaining so long as protected information is not used and returned on demand, which is not the allegation here. See Amended Complaint Exhibit C ¶3. Therefore, the Plaintiff has failed to provide factual support for any misappropriation or threatened misappropriation.

***D. Insufficient facts to allege the interstate commerce element.***

20. The Plaintiff now alleges that Defendants have used or intend to use "trade secrets" in interstate commerce, but the Plaintiff does not do anything to elaborate beyond simply claim that Defendants have used or intend to use "trade secrets" in interstate commerce. Again there must be "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). Mere conclusory statements are insufficient. *Papasan*, 478 U.S. at 286 (1986).

**II. <u>Plaintiff's TUTSA claim should be dismissed because Plaintiff fails to provide facts sufficient to support the existence of a trade secret as defined by the TUTSA and whether that trade secret was misappropriated.</u>**

21. To prove a claim for violation of the TUTSA, a plaintiff must prove (1) ownership of a trade secret; (2) misappropriation of the trade secret; and (3) an injury to the plaintiff or unjust enrichment to the defendant. *FMC Techs., Inc. v. Murphy*, 679 S.W.3d 788, 809 (Tex. App.—Houston 2023, no pet.).

22. Similar to the DTSA, for a document or information to qualify for trade secret protections under the TUTSA, the owner of the trade secret has taken reasonable measures under the circumstances to keep the information secret; and the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information. Tex. Civ. Prac. & Rem. Code Ann. § 134A.002(6).

23. Like the DTSA, the TUTSA requires the existence of a trade secret and the use and misappropriation of that trade secret. Since the "trade secrets" alleged here by the Plaintiff are not trade secrets under the DTSA, they are also not trade secrets under the TUTSA for the same reasons.

24. Also, the Plaintiff does not plead any fact other than in conclusory fashion to sufficiently allege misappropriation of its "trade secrets." Cursory assertion that a trade secret is being used is insufficient to maintain a cause of action for theft of trade secrets. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Likewise, there is nothing more than a conclusory assertion that Plaintiff has been injured by any action of the Defendants. *Id*., *Papasan*, 478 U.S. at 286. *See also* Amended Complaint at 55.

**III. Plaintiff's Common Law Misappropriation claim should be dismissed because it has been preempted by the TUTSA.**

25. Common law trade secret misappropriation in Texas has been largely superseded by statute, specifically the Texas Uniform Trade Secrets Act (TUTSA). *FMC Technologies, Inc. v. Murphy*, 679 S.W.3d 788 (2023), *Title Source, Inc. v. HouseCanary, Inc.*, 612 S.W.3d 517 (2020). According to TUTSA, the Act "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Tex Civ. Prac. & Rem. Code §134A.007, *Super Starr International, LLC v. Fresh Tex Produce, LLC*, 531 S.W.3d 829 (2017). This means that when a common law claim duplicates a claim under TUTSA, it is generally preempted if the factual basis of the common law claim would not exist without the use of alleged trade secrets. *HouseCanary, Inc.*, 612 S.W.3d at 517. This statutory preemption applies unless the common law claim addresses harm separate from the trade secret misappropriation. *Id*.

26. Here, the allegations in the Amended Complaint are identical to those in the Original Complaint and solely based on the same factual allegations and seek the same remedies as the Plaintiff's TUTSA claims. Plaintiff does not allege any separate actions by the Defendants or facts outside of the allegations of TUTSA violations. Therefore, the Plaintiff's Common Law Misappropriation Claim must be dismissed.

**IV. Plaintiff's Breach of Contract claim should be dismissed because the Plaintiff fails to plead facts sufficient to support privity of contract with certain Defendants and fails to plead facts sufficient to support any causation of damages.**

27. The elements of a breach of contract claim are: (1) a valid contract; (2) performance or tendered performance; (3) breach of the contract; and (4) damages resulting from the breach. *McGraw v. Brown Realty Co.*, 195 S.W.3d 271, 276 (Tex. App.—Dallas 2006, no pet.).

28. The Plaintiff in its First Amended Complaint has not made any new factual allegations in support of its Breach of Contract claim. The Plaintiff has no contract with Allred nor Pig Sweep, LLC and does not claim to have one. The subject contracts are attached to the Amended Complaint. Those contracts are between the Plaintiff and E&P. In fact, neither Allred nor Pig Sweep, LLC are even mentioned in the contracts. The Plaintiff advances no theory of liability for which the contracts can be imputed upon Allred or Pig Sweep, LLC. Since Plaintiff admittedly is not in privity of contract with Allred nor Pig Sweep, LLC, the breach of contract claim against those Defendants must be dismissed.

29. With respect to the breach of contract claim against E&P, the Plaintiff has pled insufficient facts to allege that any breach of contract has resulted in damages to it. Again, the Plaintiff only makes a conclusory assertion of injury and damages which is insufficient to maintain a cause of action. *Papasan*, 478 U.S. at 286. *See also* Amended Complaint at 65.

**V. Plaintiff's Claims for Declaratory Judgment for Patent Invalidity and Fraud on the USPTO should be dismissed because Plaintiff is precluded from asserting these claims as independent causes of action.**

30. The Plaintiff cannot maintain a claim for patent invalidity and unenforceability because there is no threat or pending claim of patent infringement of E&P's patents against the Plaintiff. Plaintiff has not alleged any case or actual controversy as required by the Declaratory Judgment Act, 28 U.S.C. § 2201.

31. The Supreme Court in *MedImmune, Inc. v. Genentech, Inc.* set forth the criteria for cases of patent invalidity and unenforceability to be justiciable under the Declaratory Judgment Act. 549 U.S. 118 (2007). Under *MedImmune*, the proper test is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the

issuance of a declaratory judgment." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1334 (Fed. Cir. 2008) (citing *MedImmune*, 549 U.S. at 127). The mere existence of a potentially adverse patent does not cause an injury nor create an imminent risk of an injury. *Id.* at 1338. And the fear of future harm that is only subjective is not an injury or threat of injury caused by the defendant that can be the basis of a case or controversy. *Id.* It is the reality of the threat of . . . injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions. *Id.*

32. Here, despite Plaintiff's Amended Complaint attacking the validity and enforceability of E&P's patents, this is not a patent suit. Though the Plaintiff has now alleged that it fears or risks infringing any of E&P's patents and that it has been threatened by E&P with patent infringement, the Plaintiff still does not provide sufficient factual support for new allegations.

33. The Plaintiff states in the Amended Complaint that E&P has sent cease-and-desist letters threatening infringement of its patents to "at least one of its competitors in the pipeline cleaning/services industry." However, Plaintiff does not state in its Amended Complaint that it is the recipient of any cease-and-desist letters from E&P. Amended Complaint at 70.

34. The Plaintiff further states that a named employee of E&P accused on February 14, 2024, the Plaintiff of infringing on E&P's patents, but the Plaintiff still provides no factual support to substantiate E&P making any sort of threat of litigation or enforcement against the Plaintiff. Amended Complaint at 71.

35. The Plaintiff has provided no more than nebulous and conclusory statements to circumvent its original deficiencies addressed in Defendants' First Motion to Dismiss, and the Plaintiff has provided insufficient factual support to show that E&P has asserted its patents

against the Plaintiff or otherwise taken any action that would give rise to any such fears on the part of the Plaintiff. There is therefore no immediacy or threat of injury in reality to Plaintiff to warrant declaratory judgment jurisdiction with respect to E&P's patents. Accordingly, the Plaintiff simply lacks standing and capacity to bring such claims. Both claims of invalidity and unenforceability of E&P's patents must be dismissed.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Defendants request that this Honorable Court GRANT their Motion to Dismiss, ORDER that the Plaintiff's First Amended Complaint be dismissed with prejudice or, in the alternative, without prejudice with limited time to re-plead, and award Defendants any further relief to which they show themselves entitled.

Dated: August 9, 2024.

Respectfully submitted,

**THE HUNNICUTT LAW GROUP**

*/s/ J. Stephen Hunnicutt*
J. Stephen Hunnicutt
Texas State Bar No. 10279510
Steve@HunnicuttLaw.com
Timothy A. Robinson
Texas State Bar No. 24069040
IL ARDC No. 6324565
Tim@HunnicuttLaw.com
17330 Preston Road, Suite 275-B
Dallas, Texas 75252
Telephone: (214) 361-6740
Facsimile: (214) 691-5099
***Attorneys for Riddle's Delhi & Chemical Service Co., Inc., d/b/a E&P Services Group; Pig Sweep, LLC; and James A. Allred, Jr.***

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure.

**EDMONDS & CMAIDALKA, P.C.**

Robb D. Edmonds (Attorney-in-Charge)
Texas State Bar No. 24029530
redmonds@edmondsiplaw.com
Michael Faries
Texas State Bar No. 24116340
mfaries@edmondsiplaw.com
16850 Diana Lane, Suite 102
Houston, Texas 77058
Telephone: (281) 480-2700

_/s/ J. Stephen Hunnicutt_
J. Stephen Hunnicutt

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on August 9, 2024, the undersigned sent an e-mail to Robb D. Edmonds, counsel for Plaintiff, and attached an exact copy of the above Rule 12 Motion to Dismiss the First Amended Complaint and inquired whether Plaintiff is opposed to the motion, but there was no response. On August 9, 2024, the undersigned called the telephone number shown in the signature block of Robb D. Edmonds, received no answer, left a voicemail, and waited a reasonable time for a response but received none. Therefore, this Motion is filed seeking relief from the Court.

*/s/ J. Stephen Hunnicutt*
J. Stephen Hunnicutt